IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DERRYBERRY,

     Plaintiff,                    No. 2:11-cv-1727 KJN P

     vs.

SOLANO COUNTY JAIL,

     Defendant.                  ORDER

_____/

        Plaintiff is a jail inmate proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that the welding on a chair in the jail gave way, causing plaintiff to fall to the ground and hit his tailbone and head.  Plaintiff suffered a bruised tailbone.  As relief, plaintiff seeks "to see facilities maintenance stepped up so that future occurrences do not

happen," and seeks monetary damages for his pain and suffering.  Plaintiff does not identify who is responsible for maintaining or manufacturing the chair, and names only the Solano County Jail as a defendant.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior; thus, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (same).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

3

1    Plaintiff's complaint does not allege a violation of a right secured by the United
2 States Constitution.  The facts alleged demonstrate, at most, negligence.  Neither negligence nor
3 gross negligence is actionable under 42 U.S.C. § 1983 in the prison or jail context.  See Farmer
4 v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F. 2d 1332, 1334
5 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to
6 prisoner).  The Constitution does not guarantee due care on the part of state officials; liability for
7 negligently inflicted harm is below the threshold of constitutional due process.  See County of
8 Sacramento v. Lewis, 523 U.S. 833, 847, 849 (1998) (negligence is insufficient "lest the
9 Constitution be demoted to what we have called a font of tort law.")  It appears plaintiff's
10 complaint is more appropriately brought in state court as a tort claim.

11    To the extent plaintiff seeks monetary relief from the manufacturer of the chair, if
12 the manufacturer is a private company, the private company is not a state actor.  Plaintiff cannot
13 state a civil rights claim against a private company under 42 U.S.C. § 1983.  See Van Ort v.
14 Estate of Stanewich, 92 F. 3d 831, 835 (9th Cir. 1996) (no right to be free from infliction of
15 constitutional deprivations by private individuals).

16    The court finds the allegations in plaintiff's complaint so vague and conclusory
17 that it is unable to determine whether the current action is frivolous or fails to state a claim for
18 relief.  The court has determined that the complaint does not contain a short and plain statement
19 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
20 policy, a complaint must give fair notice and state the elements of the claim plainly and
21 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
22 allege with at least some degree of particularity overt acts which defendants engaged in that
23 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
24 R. Civ. P. 8(a)(2), the complaint must be dismissed.  It appears unlikely plaintiff can amend his
25 complaint to state a cognizable civil rights claim.  In an abundance of caution, the court will,
26 however, grant leave to file an amended complaint.  Plaintiff is cautioned, however, that if he

files an amended complaint, he will incur the $350.00 filing fee for pursuing this action.[1] Plaintiff may avoid incurring this filing fee by opting to voluntarily dismiss this action. Fed. R. Civ. P. 41(a).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

////

---

[1] Even if proceeding in forma pauperis, plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and, if plaintiff chooses to file an amended complaint, submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

derr1727.14

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DERRYBERRY,

    Plaintiff,   No. 2:11-cv-1727 KJN P

    vs.

SOLANO COUNTY JAIL,   <u>NOTICE OF AMENDMENT</u>

    Defendants.   <u>OR VOLUNTARY DISMISSAL</u>

_____/

    Plaintiff hereby submits the following in compliance with the court's order filed

_____ :

    _____   Amended Complaint; Plaintiff will incur the $350.00 filing fee.

    OR

    _____   Plaintiff opts to voluntarily dismiss this action and avoid incurring the $350.00 filing fee. Fed. R. Civ. P. 41(a).

DATED:

                                              _____
                                              Plaintiff